UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JERETT J. JUSTUS,
    Plaintiff,

vs.                                    Case No.: 1:22cv341/AW/ZCB

TOM HORNE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Motion for Relief." (Doc. 24). Based on the type of relief sought in the motion, the Court construes the motion as a request for a preliminary injunction. For the reasons below, Plaintiff's motion should be denied.

### I.    Background

Plaintiff is a pretrial detainee in the Levy County Jail. His *pro se* civil rights complaint asserts a Fourteenth Amendment claim against three Defendants who work at the jail: Lieutenant Horne, Colonel Sheffield, and Nurse Weeks. (Doc. 16). Plaintiff claims that Defendants violated the Eighth Amendment when they refused to provide a permanent filling for one of his teeth. (*Id.* at 5-12). In his complaint,

1

Plaintiff seeks monetary damages and an injunction requiring Defendants to provide the permanent filling. (*Id.* at 12).

In his motion for a preliminary injunction, Plaintiff alleges Defendants and "all the staff at the Levy County Jail" are retaliating against him for filing this civil rights lawsuit. (Doc. 24). Plaintiff alleges "they" placed him in "protective custody" and took his property for no reason. (*Id.*). He alleges he has been denied "legal indigent," so he cannot "send out legal work." (*Id.*). Plaintiff also alleges that his access to legal research is limited to 15-30 minutes per day. (*Id.*). In his motion for a preliminary injunction, Plaintiff does not identify any offending official by name. He seeks an order preventing Defendants and "all staff" at the jail from retaliating against him and "any other relief" that the Court deems appropriate. (*Id.*).

## II. Discussion

The primary function of a preliminary injunction "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, the injunctive relief sought must be closely related to the conduct at issue in the actual complaint. *See Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir.

2

2005) (holding that "injunctive relief must relate in some fashion to the relief requested in the complaint"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

Here, the relief sought in Plaintiff's motion is unrelated to the conduct at issue in this lawsuit. Plaintiff's Second Amended Complaint claims Defendants failed to provide appropriate dental care. The motion for a preliminary injunction seeks relief that is entirely unrelated to Plaintiff's dental care. The fact that the alleged

3

acts of retaliation related to Plaintiff's filing of this lawsuit does not make the claims "closely related." *See Devose*, 42 F.3d at 471 (holding that the plaintiff was not entitled to a preliminary injunction because his motion was based on new assertions of retaliation that were entirely different from the claim of inadequate medical treatment asserted in the complaint); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (denying preliminary injunction where "the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit . . . this connection to the complaint is insufficient"). Perhaps the new assertions in Plaintiff's motion for a preliminary injunction "might support additional claims against the same prison officials," but "they cannot provide the basis for a preliminary injunction in this lawsuit." *Devose*, 42 F.3d at 471.

Plaintiff's motion for a preliminary injunction is also flawed because it seeks relief against non-parties. As previously discussed, the chief function of a preliminary injunction "is to preserve the status quo" between the parties. *Northeastern Fla. Chapter of Ass'n of Gen. Contractors*, 896 F.2d at 1284. The Court does not have jurisdiction to enjoin a person who is not a party to the lawsuit or determined to be "in active concert" with a party. *Zenith Radio Corp. v.*

4

*Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (holding that the district court erred by enjoining a non-party); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842–43 (11th Cir. 1995) (affirming the district court's denial of injunctive relief against a non-party for lack of subject matter jurisdiction); *Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (holding that the district court lacked subject matter jurisdiction to grant injunctive relief against officials at the plaintiff's prison who were not parties to the case).

As previously noted, the named Defendants in this case are two correctional officers and a nurse at the Levy County Jail. Plaintiff's motion for a preliminary injunction seeks relief not only against Defendants but also against "all the staff at the Levy County Jail." Plaintiff has failed to demonstrate that the Court has jurisdiction to grant injunctive relief against the non-parties who work at the Levy County Jail.

### III.  Conclusion

Plaintiff's motion for a preliminary injunction (Doc. 24) seeks relief that is unrelated to the allegations in the Second Amended Complaint. And the motion seeks injunctive relief against people who are not parties to this action.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Relief" (Doc. 24) be **DENIED**.

At Pensacola, Florida this 3rd day of August 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>   An objecting party must serve a copy of the objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**